UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------------------------X
Adrian Jeffers,

        Plaintiff,

    -against-                                                       COMPLAINT
                                                                                  AND JURY DEMAND
THE CITY OF NEW YORK, NEW YORK CITY POLICE OFFICERS:       18-cv-2731
CHRISTOPHER SIGNMON, HAROLD THOMPSON, ROBERT MARSHALL,
AND OFFICERS JOHN AND JANE DOE #s 1 -10, the names being fictitious and
presently unknown, in their individual and official capacities as employees of the
City of New York Police Department,

        Defendants.
---------------------------------------------------------------------------------------------------X

      The Plaintiff, Adrian Jeffers, by his attorney, Gregory Zenon, of The Law Office of Gregory Zenon, alleges the following, upon information and belief for this Complaint:

## NATURE OF THE ACTION / PRELIMINARY STATEMENT

      1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the State of New York, against the City of New York, New York City Police Department, and NYPD Police Officers Christopher Signmon, Harold Thompson, Robert Marshall and Officers J. Doe # 1-10, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

      2.    This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff request this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff' federal claims.

## NOTICE OF CLAIM

      3.    A notice of claim was filed with the City of New York within the relevant statutory period; 50-h hearings conducted; more than 30 days have elapsed since such filing; the City has inadequately offered to settle Plaintiff's state law claims.

## VENUE

      4.    Under 28 U.S.C. § 1391(b), venue is proper in the Eastern District of New York because this is a judicial district in which the events or omissions giving rise to the claim occurred, and because defendant officers were assigned to a Precinct in Kings County, New York, within the confines of the Eastern District of New York.

## PARTIES

      5.    Plaintiff at all times relevant hereto resided in the City and State of New York.

6. At all times hereinafter mentioned, and upon information and belief, defendant, CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

7. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

8. That at all times hereinafter mentioned, and on information and belief, defendant Police Officers were at all times relevant hereto, employees of defendant CITY OF NEW YORK, as police officers employed by THE NEW YORK CITY POLICE DEPARTMENT.

9. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

10. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by Defendant CITY OF NEW YORK. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of Defendant CITY OF NEW YORK.

11. That as a result of the foregoing, Defendant CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

12. At all relevant times, Adrian Jeffers was a 30-year-old licensed security guard with no criminal record, living at home with his family and working full-time.

13. At all relevant times, Defendants Thomson and Marshall committed the false arrest of plaintiff and Defendant Sigmon personally drafted the false complaint report against plaintiff. All were personally involved in and liable for plaintiff's false arrest, denial of proper and timely medical treatment; denial of proper treatment at the precinct including but not limited to food, phone calls; loss or destruction of property at the precinct; the actions of all of the defendant officers described in this complaint, and all other claims set forth below.

14. On 9 May 2015, plaintiff and a female friend Yolanda, both of whom are African-American, were walking out of Prospect Park in Kings County as the park was closing. Plaintiff had driven them there around midnight. They had strolled through the park and were leaving. Plaintiff then planned to drop Yolanda off at her home and go to work as his shift started at 2 a.m. They were in eyesight of the exit, less than 30 feet from plaintiff's vehicle on the street, when Defendant Thompson drove up to them in a marked police car blocking their way out of the park.

15. Thompson, a white male, and his partner Defendant Marshall both in uniform, exited their vehicle and approached the couple. Thompson demanded to know what the couple was doing in the park. Plaintiff responded they were leaving and pointed to his car. Thompson informed them the park was closed. Plaintiff reiterated that they were

leaving, but also pointed out that they had just observed other people in the park including a woman jogging. Plaintiff also pointed out a man with a horse inside the park in eyesight of them all.

16. Thompson then looked around the ground until he spotted some garbage including some old empty bottles on the ground and accused plaintiff of being responsible for them in an angry menacing voice and demanded ID from the couple. The couple complied. Thompson took the IDs and went inside his RMP for approximately twenty minutes while the other officer remained with the couple. Thompson then approached plaintiff and in a loud and hostile manner informed him there was a warrant for his arrest from 2010. Thompson then roughly handcuffed plaintiff behind his back, and placed him under arrest. When plaintiff complained that the cuffs were too tight, Thompson ignored him. Thompson informed Yolanda she was free to go but plaintiff was being arrested for the warrant.

17. Plaintiff informed Thompson that there was no warrant and asked why the other civilians in plain sight inside the park were not also being questioned. Plaintiff observed that the other civilians were white.

18. Plaintiff also informed Thompson that the 2010 case was dismissed and sealed in 2011, that he was a licensed security guard due at work at 2 a.m. and that he and his employer would know if there was a warrant, and requested another warrant check.

19. In a loud threatening voice Thompson instructed plaintiff that if plaintiff continued to speak, things would get worse for him and plaintiff felt tangible anger and racial animosity in Thompson's voice, manner, and tone.

20. Plaintiff pointed out his vehicle and requested he be allowed to move it due to the fact that it would be ticketed or towed in the morning.

21. Thompson ignored plaintiff, opened the back of his RMP, and instead of instructing plaintiff to enter the vehicle, without cause or justification shoved plaintiff into the back seat.

22. At the precinct Thompson processed plaintiff's arrest, held him in a cell until morning, and denied plaintiff's request for food and a phone call.

23. When plaintiff was transported to Central Booking once again he has handcuffed behind his back too tightly and requested the cuffs be loosened, which was refused.

24. While plaintiff was in Central Booking he was placed in the courtroom holding cells. Other inmates wearing all red then surrounded him, claiming to be gang members and threatening him with violence. Plaintiff requested to be separated and kept safe from the gang threats; he was ignored.

25. While in Central Booking, plaintiff was again denied food and a phone call.

26. Around 1 p.m. plaintiff was brought before a judge and was informed he was not there due to a warrant, but in fact for being in the park after dark. The Court informed him that all charges against him were being dismissed, and he was released.

27. As a result of this false arrest, plaintiff missed a day of work.

28. As a result of this false arrest, plaintiff's vehicle was ticketed for approximately $250.

29. Additionally, while plaintiff was being processed at the precinct his property was vouchered. He went to the precinct three times because each time he was informed that computer systems were down. On the third attempt he was instructed his property had been sent to the property clerk at Gold Street because it was plaintiff's fault for

3

taking so long to retrieve it, to add injury to insult, thus forcing plaintiff to make a fourth trip to finally retrieve his belongings.

30. Additionally plaintiff suffers fear and anxiety when he sees police, and also suffered difficulty sleeping for approximately two weeks, due to the false arrest.

## FIRST CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

31. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

32. Defendants subjected Plaintiff to false arrest, imprisonment, and deprivation of liberty without probable cause.

33. Defendants have deprived Plaintiff of civil, constitutional and statutory rights and have conspired to deprive plaintiff of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

34. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILTY and NEGLIGENT HIRING, TRAINING and SUPERVISION)

35. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

36. Defendant CITY OF NEW YORK is liable for the damages suffered by the Plaintiff as a result of the conduct of its employees, agents, and servants.

37. Defendant CITY OF NEW YORK knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

38. Upon information and belief, defendants and their supervisors have in the past falsely arrested individuals without probable cause, and made, and allowed other fellow police officers to make false entries in official police department records to cover up and hide their wrongful conduct.

39. Defendant CITY OF NEW YORK has failed to take steps necessary to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

40. Defendant CITY OF NEW YORK has damaged Plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of its employees, agents or servants in this and in similar cases involving police misconduct.

41. Defendants subjected Plaintiff to false arrest and false imprisonment, cruel and unusual punishment, unlawful conditions of confinement, negligence, denial of proper medical care, defamation, libel and slander, and all bad actions listed above.

42. Separate and apart from any bad acts, defendant CITY OF NEW YORK has damaged plaintiffs by its failure to adequately supervise and train its employees, agents or servants in the administration, supervision, and treatment of plaintiff's medical needs. Defendants knew or should have known how to provide medical aid for plaintiff, whether personally or by a standard procedure for ensuring that plaintiff received medical aid.

4

43.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**THIRD CAUSE OF ACTION**
(FOURTH AMENDMENT)

44.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

45.     Defendants illegally arrested Plaintiff subjecting him to unlawful search and seizure, false arrest, imprisonment and deprivation of liberty, destruction of property, and desecration of remains, without probable cause.

46.     As a result of the foregoing, Plaintiff has been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; the rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

47.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**FOURTH CAUSE OF ACTION**
(FOURTEENTH AMENDMENT)

48.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

49.     Defendants illegally arrested Plaintiff, subjecting him to false arrest, imprisonment and deprivation of liberty without probable cause.

50.     As a result of the foregoing, Plaintiff have been deprived of the following rights, privileges and immunities secured by the Constitution and the laws of the United States: the right to be secure in person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments; Plaintiff' rights not to be deprived of life, liberty or property without due process of law under the Fourth and Fourteenth Amendments; and the right to be free from a deprivation of civil rights in violation of the statutes made and provided.

51.     Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the defendant CITY OF NEW YORK in the amount of One Million ($1,000,000.00) Dollars.

**FIFTH CAUSE OF ACTION**
(DUE PROCESS VIOLATION)
(EXCESSIVE FORCE)

52.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

53.     The Court has pendant jurisdiction of the portion of this claim falling under state law.

54.     Defendants unnecessarily and wantonly inflicted pain on plaintiff maliciously or sadistically to cause harm. As outlined above, defendants, among other bad acts, falsely accused plaintiff, exhibited signs of racial profiling and racial animosity, built up his fear and anxiety without cause or justification, subjected plaintiff to unnecessary pain and suffering, subjected plaintiff to the fear of physical violence while in custody.

55.     As a result of the foregoing, defendants intentionally put Plaintiff in fear and fright of imminent physical harm and plaintiff suffered pain unnecessarily.

5

56. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of defendants in the amount of One Million ($1,000,000.00) Dollars.

### SIXTH CAUSE OF ACTION
(MALICIOUS PROSECUTION)

57. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

58. Defendants caused a false accusatory instrument to be filed against Plaintiff.

59. The criminal instrument was dismissed and the criminal proceedings favorably terminated.

60. Defendants have deprived Plaintiff of civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable under 42 U.S.C. §§ 1983 and 1985 and the New York State Constitution.

61. Plaintiff was damaged in the sum of One Million ($1,000,000.00) Dollars as a result of the malicious prosecution implemented by the defendants.

### SEVENTH CAUSE OF ACTION
(DUE PROCESS VIOLATION)
(CONDITIONS of CONFINEMENT/DELIBERATE INDIFFERENCE to MEDICAL NEEDS)

62. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

63. Plaintiff was denied food, water, and phone calls at the precinct.

64. Plaintiff suffered from the lack of food and water and defendants did not care about his welfare.

65. Defendants handcuffed plaintiff forcibly too tightly, injuring him, without justification or cause.

66. Defendants subjected plaintiff to the fear of physical violence while in custody by placing him inside a holding cell containing inmates wearing who threatened plaintiff with violence and menaced plaintiff and informed plaintiff they were gang members.

67. As a result of defendants' conduct, Plaintiff suffered injuries.

68. Upon information and belief, this is an ongoing practice within the confines of the precinct to deny food and water to individuals who are arrested.

69. Plaintiff was denied due process, subjected to unconstitutional procedures at the precinct, as well as subjected to unconstitutional harassment and discrimination.

### EIGHTH CAUSE OF ACUTION
(DENIAL of a FAIR TRIAL)

70. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

71. Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because he was required to appear in court after the misrepresentations were made.

72. Thus defendants are liable to plaintiff under the Sixth Amendment for denying a fair trial.

73. As a result, plaintiff suffered the injuries as set forth within this complaint.

### NINTH CAUSE OF ACTION

6

(CRUEL and UNUSUAL PUNISHMENT)

74. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

75. Plaintiff's physical condition suffered as a result of defendants' actions and conduct, and plaintiff unnecessarily suffered cruel and unusual punishment.

## TENTH CAUSE OF ACTION

(NEGLIGENCE)

76. Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

77. Defendants' owed a duty to plaintiff who was a prisoner in the custody and care of defendants.

78. Defendants breached their duty to plaintiff.

79. As a result, plaintiff suffered injuries.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment against the defendants, jointly and severally as follows:

A. In favor of Plaintiff in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

B. Awarding Plaintiff punitive damages in the amount of One Million ($1,000,000.00) Dollars each on each Cause of Action;

C. Awarding Plaintiff reasonable attorney's fees, costs and disbursements of this action;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated:  26 OCTOBER 2018
        New York, New York

_____/s/_____
Gregory Zenon, The Law Office of Gregory Zenon
30 Wall Street, 8th Floor
New York, New York 10005
212.380.8582
zenonlaw@yahoo.com
Attorney for Plaintiff

7